### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:22-cr-0009 |
| | ) |
| **RAUL CARDENAS FLORES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

**BEFORE THE COURT** is Defendant Raul Cardenas Flores' ("Flores") unopposed Motion to Continue Motions Deadline and Trial Date, ECF No. 23, currently scheduled for May 2, 2022. Also before the Court is Flores' Speedy Trial waiver, requesting an extension of the time period within which this matter must be tried, up to and including July 25, 2022. (ECF No. 26.) For the reasons stated herein, the time to try this case is extended up to and including September 6, 2022.

This matter commenced on February 4, 2022, when the United States (the "Government") filed a criminal complaint against Flores, who made his initial appearance on even date. On March 3, 2022, a federal grand jury returned an indictment charging Flores with one count of Re-entry of Removed Alien, in violation of 8 U.S.C. § 1326(a). (ECF No. 18.) The Indictment alleges that Flores "was found in the United States after having been excluded, deported, and removed therefrom on or about October 21, 2009 . . . ." *Id.* at 1.

On March 30, 2022, Flores filed a motion to continue the motions deadline and trial date. (ECF No. 23.) In his motion, Flores argues that, upon reviewing discovery, he identified areas needing fact investigation and further legal research. As such, Flores requests a continuation of the motions deadline by at least sixty (60) days and a continuance of the trial date "to a date commensurate with the new motions deadline." *Id.* at 2.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or

his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow Flores sufficient time to prepare for trial.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 6, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Defendant Flores' Motion to Continue Motions Deadline and Trial Date—Unopposed, ECF No. 23, is hereby **GRANTED**; it is further

**ORDERED** that the Motions deadline is **EXTENDED** to June 6, 2022; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than August 26, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-

*United States v. Flores*
Case No.: 3:22-cr-0009
Order
Page **3** of **3**

standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than August 31, 2022;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for May 2, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on September 6, 2022, in St. Thomas Courtroom 1.

**Dated:** April 25, 2022               */s/ Robert A. Molloy*
                                        **ROBERT A. MOLLOY**
                                        **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.