## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cr-00009** |
| | ) | |
| **RAUL CARDENAS FLORES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### <u>ORDER</u>

**BEFORE THE COURT** is the parties' Joint Motion to Continue Trial, currently scheduled for September 6, 2022. For the reasons stated herein, the Court will grant the motion to continue. The time to try this case is extended up to and including February 6, 2023.

On August 24, 2022, Defendant Raul Cardenas Flores ("Flores") and the United States filed the instant Joint Motion To Continue Trial And Exclude Time Under The Speedy Trial Act ("Joint Motion"). (ECF No. 35.) In the Joint Motion, the parties assert that on June 6, 2022, the defendant filed a motion to dismiss his indictment on the grounds that the statute he was charged under, 8 U.S.C § 1326, is a violation of the Equal Protection Clause of the Constitution. The parties maintain that a ruling on the constitutional question raised by the defendant would "transcend a potential guilty verdict by a jury." *Id.* As such, the parties request a continuance of the trial "for a date to be determined by the Court" in order to allow the Court to rule on the defendant's motion to dismiss the indictment. *Id.*

The parties further represent that defense counsel has a trial conflict on September 6, 2022. *Id.* at 2. Defense counsel is also scheduled to appear in *United States v. Peterson-Mendez*, Case No. 3:21-cr-0014, which is scheduled for the same day. *Id.* Consequently, both parties believe that granting a continuance in this matter would serve the ends of justice by ensuring defense counsel has reasonable time to adequately prepare for this case. *Id.* at 2-3.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes "[a]ny period of delay resulting from

other proceedings concerning the defendant, including . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." 18 U.S.C. § 3161(h)(1)(D).

Furthermore, under the Speedy Trial Act, courts should consider "[w]hether the failure to grant such a continuance in a case which . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). In accordance with these concerns, courts have granted continuances due to delays in receiving evidence and scheduling conflicts. *See United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts); *United States v. Van Chase*, 137 F.3d 579, 583 (8th Cir. 1998) (suggesting that a continuance granted due to "a testing backlog at the FBI labs" was proper).

The Court finds that the ends of justice served by extending the period in which the trial must begin outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension is necessary to allow the Court time to consider and rule on the pending motion seeking dismissal of the indictment, and to resolve the defense counsel's scheduling conflict.

The premises considered, it is hereby

**ORDERED** that the parties' Joint Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 35, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 6, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 1, 2023;[1] and it is further

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.

*United States v. Flores*
Case No.: 3:22-cr-00009
Order
Page 3 of 3

      **ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on February 6, 2023, in St. Thomas Courtroom 1.

**Dated:** August 29, 2022            */s/ Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**