## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cr-0009 |
| | ) | |
| RAUL CARDENAS FLORES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

**BEFORE THE COURT** is Defendant Raul Cardenas Flores's ("Flores") Motion to Dismiss the Indictment Because 8 U.S.C. § 1326 ["Section 1326"] Violates Equal Protection Under *Arlington Heights,* filed June 6, 2022. (ECF No. 31.) The Government filed an opposition on June 21, 2022. (ECF No. 32.) Flores filed a reply on July 5, 2022. (ECF No. 34.) For the reasons below, the Court will deny the motion.

### I. BACKGROUND

On March 3, 2022, a grand jury returned an indictment charging Flores with one count, Re-entry of Removed Alien, in violation of Section 1326. (ECF No. 18.) Flores argues that because "the facts and historical evidence show that the original illegal reentry law was enacted with a discriminatory purpose and still has a disparate impact, § 1326 is presumptively unconstitutional under *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977)." (ECF No. 31 at 2.) Flores acknowledges the following:

> This Court previously rejected a similar challenge in *United States v. Wence*, Case No. 3:20-CR-027-RAM-RM (at ECF Nos. 79, 80). In rejecting that challenge, the Court found that:
> a. *Arlington Heights* applies to 8 U.S.C. §1326 (ECF No. 79 at 4-7);
> b. Mr. [Gilberto Arana] Wence did not meet his burden under *Arlington Heights* to that a discriminatory purpose was a motivating factor behind enactment of 8 U.S.C. §1326 (ECF No. 79 at 7-17); and
> c. Mr. Wence failed to demonstrate that 8 U.S.C. §1326 violates equal protection under rational basis review (ECF No. 79 at 17-18).
> This Court rejected Mr. Wence's arguments and found that the 1952 re-enactment of 8 U.S.C. 1326 was not tainted by the white supremacy that

tainted the 1929 enactment—despite finding "problematic rhetoric" and "issues" in the Congressional Record (ECF No. 79 at 12-13, 13-14).

(*Id.* at 2-3.) According to Flores:

> This motion provides additional support for the arguments raised herein arguments (*see generally* Attachments ["Att."] 15-19). Mr. Flores notes that these additional attachments address issues relevant to this Court's prior conclusion that the 1952 enactment was sufficiently attenuated from the 1929 enactment to remove the racial taint. *See, e.g.,* Att. 15 at 6-8, 9-10, 14-18, 25-26, 27-28; 32-34, 35, 37-39, 42, 47-49, 52-54; Att. 16 at 3-7; Att. 17 at 2-3; Att. 18 at 29-31, 34-36, 53, 55, 71-72, 78, 86-88, 89-90, 92, 96-108, 109-125, 129-32, 137, 168, 176-81, 184-85; Att. 19 at 15-30.

(*Id.* at 3.) In a footnote appended to the words "additional support," Flores asserts that, in *United States v. Wence*, Case No. 3:20-CR-027, Wence "sought to file a motion for reconsideration to put these Attachments before the Court (ECF Nos. 92, 92-1), the Court denied that motion (ECF No. 101)." (*Id.* at 3 n.6.) Flores's attorney is also the attorney who represented Wence in *United States v. Wence*, Case No. 3:20-CR-027. Flores alleges that, if

> the government submits evidence showing the 1929 law would have been enacted without discriminatory purpose, the Court should set an evidentiary hearing. Courts frequently hold hearings and trials to hear evidence on the *Arlington Heights* factors. *See e.g., Hunter*, 471 U.S. at 229; *Democratic National Committee*, 948 F.3d at 998; *Arce*, 793 F.3d at 991. Indeed, the Supreme Court has found error where a lower court granted summary judgment "without an evidentiary hearing" on a legislature's motives under *Arlington Heights*. *Hunt*, 526 U.S. at 545. Mr. Flores will seek to present testimony from expert witnesses such as Dr. Kelly Lytle Hernández, Professor of History at the University of California, Los Angeles, and Dr. Benjamin Gonzalez O'Brien, Associate Professor of Political Science at San Diego State University. *See* Att. 13, Curriculum Vitae of Prof. Lytle Hernández; Att. 14, Curriculum Vitae of Prof. Gonzalez O'Brien, Att. 18 (transcript). *See Hunter*, 471 U.S. at 228–29 (crediting the "testimony and opinions of historians" to determine a legislature's discriminatory intent under *Arlington Heights*).

(*Id.* at 20.)

In its opposition, "just as it did in *United States v. Wence*, No. 3:20-cr-27, 2021 WL 2463567 (D.V.I. June 16, 2021), the Government urges this Court to reject the arguments being raised by Cardenas-Flores and deny his motion to dismiss the Indictment." (ECF No. 32 at 3.) The Government acknowledges the Court's "holding in *Wence* that § 1326 'must be analyzed under *Arlington Heights*'" but "disagrees with that aspect of this Court's analytical

framework," as it did in *Wence*. (*Id.* at 15.) The Government asserts Flores's "entire claim rests on *Arlington Heights*, and as the Court held in *Wence*, Cardenas-Flores did not meet his burden of showing that Congress acted with a racially discriminatory motive in enacting 8 U.S.C. § 1326." (*Id.* at 26.)

## II. LEGAL STANDARD

"[T]he Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." *Washington v. Davis*, 426 U.S. 229, 239 (1976) (citing *Bolling v. Sharpe*, 347 U.S. 497) (1954)). "'[P]roof of racially discriminatory intent or purpose is required' to show a violation of the Equal Protection Clause." *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.,* 538 U.S. 188, 194 (2003) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) ("*Arlington Heights*")).

> Intentional discrimination can be shown when: (1) a law or policy explicitly classifies citizens on the basis of race, (2) a facially neutral law or policy is applied differently on the basis of race, (3) a facially neutral law or policy that is applied evenhandedly is motivated by discriminatory intent and has a racially discriminatory impact.

*Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir. 2005) (internal citations omitted).

"A facially neutral law . . . warrants strict scrutiny only if it can be proved that the law was motivated by a racial purpose or object, or if it is unexplainable on grounds other than race." *Hunt v. Cromartie*, 526 U.S. 541, 546 (1999) (citations and quotation marks omitted). "The purpose of strict scrutiny is to 'smoke-out' illegitimate uses of race by assuring that the legislative body is pursuing a goal important enough to warrant use of a highly suspect tool." *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 493 (1989). "The test also ensures that the means chosen 'fit' this compelling goal so closely that there is little or no possibility that the motive for the classification was illegitimate racial prejudice or stereotype." *Id.* Where, as here, a defendant challenges a law as motivated by discriminatory intent and having a racially discriminatory impact, "an invidious discriminatory purpose may often be inferred from the totality of the relevant facts." *Davis,* 426 U.S. at 242. "*Davis* does not require a [challenger] to prove that the challenged action rested solely on racially discriminatory purposes," because it is rare "that a legislature or administrative body operating under a

broad mandate made a decision motivated solely by a single concern, or even that a particular purpose was the 'dominant' or 'primary' one." *Arlington* Heights, 429 U.S. at 265. However, notwithstanding competing considerations that legislators consider when making decisions, "racial discrimination is not just another competing consideration." *Id.* "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id.* at 266. In conducting that inquiry, courts consider numerous factors, including "[t]he impact of the official action whether it 'bears more heavily on one race than another,'" "[t]he historical background of the decision[,] particularly if it reveals a series of official actions taken for invidious purposes," "[t]he specific sequence of events leading up to the challenged decision," "[d]epartures from the normal procedural sequence," and "contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." *Id.* at 266-68.

"Absent a racially discriminatory purpose, explicit or inferable, on the part of the law maker or law enforcer, the statutory distinction is subject only to rational basis review." *United States v. Frazier*, 981 F.2d 92, 95 (3d Cir. 1992). Under rational-basis review, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993).

### III. DISCUSSION

Flores's challenge to Section 1326 is not "similar," as Flores asserts, but is *identical* to the challenge that the Court rejected in *United States v. Wence*, Case No. 3:20-cr-0027, 2021 WL 2463567 (D.V.I. June 16, 2021). Flores's counsel submitted a virtually identical brief in this case as in *Wence*. The only difference is that in this case, Flores "provides additional support for the arguments raised herein . . . (*see generally* Attachments ['Att.'] 15-19)," consisting of "additional attachments address[ing] issues relevant to this Court's prior conclusion that the 1952 enactment was sufficiently attenuated from the 1929 enactment to remove the racial taint." However, other than identifying "Att. 13" as "Curriculum Vitae of Prof. Lytle Hernández," "Att. 14" as "Curriculum Vitae of Prof. Gonzalez O'Brien," and "Att. 18" as an unidentified "transcript," Flores failed to: (1) identify Exhibits Nos. 1-12, 15-17,

and 19, attached to his motion; (2) identify "issues relevant to this Court's prior conclusion" he claims the additional attachments support; (3) make any additional arguments based on the "Additional attachments" that were not made in *Wence*; (4) discuss how any of his "additional attachments" supports any "issues relevant to this Court's prior conclusion"; and (5) explain how any of the pages he cited on page 3 of his brief supports any "issues relevant to this Court's prior conclusion." Failure to make any additional arguments in the instant motion that were not made in the identical motion briefed by the same counsel in *Wence*, while making the identical challenge that has already been rejected by the Court in *Wence*, is fatal to Flores's motion because he did not provide any basis on which to distinguish his challenge from the challenge the Court rejected in *Wence*. Simply attaching numerous exhibits to his brief, without any arguments discussing or explaining their relevance, is insufficient to distinguish the instant motion form the one that the Court denied in *Wence*. The Court incorporates the reasoning stated in *Wence* as if fully stated herein. For the same reasons the Court articulated in *Wence*, denying the instant motion is warranted. Accordingly, it is

**ORDERED** that Motion to Dismiss the Indictment Because 8 U.S.C. § 1326 Violates Equal Protection Under *Arlington Heights*, ECF No. 31, is **DENIED**.

**Dated:** December 13, 2022                    /s/ *Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**